**KATHY A. DOCKERY**
**CHAPTER 13 TRUSTEE**
**KALEEN MURPHY SBN 311514**
**801 S. FIGUEROA STREET, STE. 1850**
**LOS ANGELES, CA 90017**
**PHONE: (213) 996-4400**
**FAX: (213) 996-4426**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE: | CASE NO: 2:25-bk-14821-NB |
| | CHAPTER 13 |
| CLIFTON KERR, | ADVERSARY NO: |
| | **NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL BANKRUPTCY COURT PURSUANT TO F.R.B.P. RULE 9027** |
| DEBTOR(S). | **[LOS ANGELES COUNTY SUPERIOR COURT CASE NO. 25PSCV01961]** |
| | [NO HEARING REQUIRED] |

**TO THE DEBTOR AND PLAINTIFF IN THE UNDERLYING STATE COURT ACTION:**

Kathy A. Dockery, the standing trustee and acting Chapter 13 Trustee ("Trustee") of the

bankruptcy estate of CLIFTON KERR ("Debtor") in bankruptcy case number 2:25-bk-14821-NB

("Bankruptcy Case") hereby removes from the Superior Court of Los Angeles County to the United

States Bankruptcy Court for the Central District of California, Los Angeles Division state court case

number 25PSCV01961 ("Complaint") which is captioned Clifton Kerr, Plaintiff vs. The State of

1    California, McCarthy & Holthus LLP, Judge Neil W. Bason, Melissa R. Coutts, Kathy A. Dockery

2    Defendants.

3           Upon removal of the causes of action in the Complaint, the Trustee does consent to entry of

4    final orders or judgment by the Bankruptcy Court.

5           In support of the removal, the Trustee respectfully represents as follows:

6          1.     This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  The

7    bankruptcy court may hear and determine all cases under Title 11 and all core proceedings arising

8    under application of the Barton Doctrine with respect to the standing chapter 13 trustee and

9    administration of the chapter 13 bankruptcy estate.  Venue is proper in this judicial district in that

10    this proceeding is related to a case under Title 11 of the United States Bankruptcy Code as provided

11    in 28 U.S.C. §1408(1).

12          2.     The Debtor filed his Chapter 13 Bankruptcy Petition on June 6, 2025.  Kathy A.

13    Dockery is the duly appointed and acting Chapter 13 Trustee.

14          3.     On May 29, 2025, the Debtor filed a complaint with the California Superior Court

15    bearing case number 25PSCV01961.  A true and correct copy of the summons and complaint is

16    attached hereto and incorporated herein by reference as Exhibit "A".

17          4.     On June 24, 2025, the Debtor alleges the Summons and Complaint were served on

18    the Trustee, but service was erroneously effected on the Office of the United States Attorney.  The

19    summons and complaint have not been served on the Trustee, Kathy A. Dockery.

20          5.     The Complaint essentially alleges deprivation of civil rights, violation of due process,

21    conspiracy to commit real estate fraud, forgery, wrongful foreclosure and breach of contract.  The

22    Complaint is against the attorney employed by McCarthy & Holthus, LLP, Melissa R. Coutts.

23    McCarthy & Holthus, LLP, which is the firm representing the mortgage lender, Wilmington Trust

24    National Association, is also a named Defendant.  The Complaint is also against Judge Neil W.

25    Bason, the Judge presiding over the pending Chapter 13 case and Kathy A. Dockery, the Trustee

26    appointed in the same bankruptcy case.  Finally, the State of California is also a named Defendant.

27    The basis for the causes of action is the Debtor's allegation that the mortgage lender forged the

28    promissory note and committed other criminal acts.  Specifically, and with respect to the Trustee, the

1  Plaintiff alleges that the Trustee was on "notice of forged deed investigations and fraudulent intent

2  04-24-2025 and has a duty to act". <u>See</u> Paragraph No. 43 of Debtor's Complaint. This reference

3  falls within the jurisdiction of this Bankruptcy Court as it relies on the Bankruptcy Court's review of

4  the Trustee's duties with respect to the bankruptcy estate and its assets and liabilities.

5       6.    <u>The Barton Doctrine</u> – The Debtor has failed to comply with the well-established

6  Barton Doctrine. "It is a general rule that before suit is brought against a receiver leave of the court

7  by which he was appointed must be obtained." <u>Barton v. Barbour</u> 104 U.S. 126, 127.

8       7.    The 9th Circuit Court of Appeals has firmly adopted the Barton Doctrine in the case

9  of <u>In re Crown Vantage, Inc.</u> 421 F.3d 963 (2005). In supporting the case holding, the 9th Circuit

10  Court of Appeals discusses its rationale in great detail as follows:

11  

12       "We join our sister circuits in holding that <u>a party must first obtain leave of the
        bankruptcy court before it initiates an action in another forum against a bankruptcy
        trustee or other officer appointed by the bankruptcy court for acts done in the officer's
        official capacity.</u> *See Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir.2004); *Carter v.
13       *Rodgers*, 220 F.3d 1249, 1252 (11th Cir.2000); *In re Linton*, 136 F.3d 544, 546(7th
        Cir.1998); *Lebovits v. Scheffel (In re Lehal Realty Assocs.),* 101 F.3d 272, 276 (2d
14       Cir.1996); *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th
        Cir.1993). In our circuit, the doctrine was recognized by our Bankruptcy Appellate
15       Panel in *Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 883–85 (9th
        Cir.BAP1995)." [Emphasis added.] <u>In re Crown Vantage, Inc.</u> 421 F.3d 963, 970
16       (2005)

17  

18       "This holding is firmly grounded in the *Barton* doctrine, established by the Supreme
        Court over a century ago, which provides that, before suit can be brought against a
19       court-appointed receiver, "leave of the court by which he was appointed *971 must
        be obtained." 104 U.S. at 127; *see also Davis v. Gray,* 16 Wall. 203, 83 U.S. 203,
20       218, 21 L.Ed. 447 (1872) (holding that the court appointing a receiver "will not allow
        him to be sued touching the property in his charge, nor for any malfeasance as to the
21       parties, or others, without [the court's] consent"). The Court held that if leave of court
        were not obtained, then the other forum lacked subject matter jurisdiction over the
22       suit. *Barton,* 104 U.S. at 127. Part of the rationale underlying *Barton* is that the court
        appointing the receiver has in rem subject matter jurisdiction over the receivership
23       property. *Id.* at 136. As the Supreme Court explained, allowing the unauthorized suit
        to proceed "would have been a usurpation of the powers and duties which belonged
24       exclusively to another court." *Id.*[5] <u>In re Crown Vantage, Inc.</u> 421 F.3d 963, 970-
        971 (2005)
25  

26  

27       "The *Barton* doctrine applies in bankruptcy, because "[t]he trustee in bankruptcy is a
        statutory successor to the equity receiver," and "[j]ust like the equity receiver, a
28       trustee in bankruptcy is working in effect for the court that appointed or approved

1

him, administering property that has come under the court's control by virtue of the
Bankruptcy Code." *Linton,* 136 F.3d at 545." In re Crown Vantage, Inc. 421
F.3d 963, 971 (2005).

2

3

"Indeed, the policies underlying the *Barton* doctrine apply with greater force to
bankruptcy proceedings than to other proceedings involving receivers. The filing of a
bankruptcy petition creates a bankruptcy estate, consisting of all of the debtor's legal
or equitable interests in property "wherever located and by whomever held." 11
U.S.C. § 541(a). Thus, "[t]he district court in which the bankruptcy case is
commenced obtains exclusive in rem jurisdiction over all of the property in the
estate." *Hong Kong and Shanghai Banking Corp., Ltd. v. Simon (In re Simon),* 153
F.3d 991, 996(9th Cir.1998). The court's exercise of in rem bankruptcy jurisdiction
"essentially creates a fiction that the property—regardless of actual location—is
*legally* located within the jurisdictional boundaries of the district in which the court
sits." *Id.* (citations omitted). Thus, the jurisdiction of the bankruptcy court exceeds
that of any other court-appointed receiver. The requirement of uniform application of
bankruptcy law dictates that all legal proceedings that affect the administration of the
bankruptcy estate be brought either in bankruptcy court or with leave of the
bankruptcy court. Id." Id.

4

5

6

7

8

9

10

11

12

Footnote 5 – "The Fort James Entities argue that the Liquidating Trustee has waived
any *Barton* protection by litigating the Delaware Action for four months before
raising a *Barton* defense. However, because *Barton* implicates the subject matter
jurisdiction of the court, it may be raised at any time." In re Crown Vantage, Inc. 421
F.3d 963, 977 (2005).

13

14

15

16

8.    In the instant case, it is clear that the Debtor has failed to comply with the Barton

17

Doctrine.  The Debtor has failed to "first obtain leave of the bankruptcy court before it initiates an

18

action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy

19

court for acts done in the officer's official capacity."  In re Crown Vantage, Inc. 421 F.3d 963, 970

20

(2005).

21

9.    As this matter falls squarely within the jurisdiction of the Bankruptcy Court, the

22

removal of this matter is proper for the Bankruptcy Court to issue an order or judgment resolving the

23

Complaint pursuant to the requirements of the Barton Doctrine.

24

25

DATED: 8/5/2025                              CHAPTER 13 TRUSTEE KATHY A. DOCKERY

26

27

_____
KALEEN MURPHY
STAFF ATTORNEY FOR CHAPTER 13 TRUSTEE
KATHY A. DOCKERY

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

*Additional copy in diff. envelope*

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The State of California, McCarthy & Holthus LLP. Judge Neil V. Bason, Melissa R. Coutts, Kathy A. Dockery.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Clifton Kerr

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 29 2025

David W. Slayton, Executive Officer/Clerk of Court

RECEIVED
JUN 24 2025
U.S. Attorney's Office
Civil Dockets

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: 400 Civic Center Plaza, Pomona, CA 9176 | CASE NUMBER:<br>*(Número del Caso)*:<br>**25 P S C V 0 1 9 6 1** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Clifton Kerr, Pro Per 909-242-8787  @0759 ryview circle phillips ranch, California

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* MAY 29 2025 | **David W. Slayton** | Clerk, by<br>*(Secretario)* | J. GONZALEZ | NO BELA, Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

| | Init. |
|---|---|
| U.S. Attorney | |
| Chief Assistant | |
| Chief-Civil Div. | 2 |
| Chief-Crim. Div. | |
| Chief-Tax Div. | |
| Chief-Ast. Forf. | |
| Chief, Civil Frauds | |
| Admin. Officer | |
| Dept. Adm. Officer | |
| Docket-Civil | |
| Docket-Criminal | |
| Appeals | |

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Clifton Kerr c/o 3 Skyview circle Phillips Ranch California<br><br>TELEPHONE NO.: 909 - 242 - 8787    FAX NO. :<br>EMAIL ADDRESS:<br>ATTORNEY FOR *(Name):* | *CONFORMED COPY*<br>*ORIGINAL FILED*<br>Superior Court of California<br>County of Los Angeles<br><br>**MAY 29 2025**<br><br>David W. Slayton, Executive Officer/Clerk of Court |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 Civic Center Plaza.
MAILING ADDRESS: same
CITY AND ZIP CODE: Pomona. CA 91766
BRANCH NAME:

CASE NAME:
Clifton Kerr v. The State of California, McCarthy & Holthus LLP., Judge Neil W. Bason, et. al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) | [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **25PSCV01961**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [x] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- CK [x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43) CK

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:

Clifton Kerr -BENE    ▶    CK KR R. -BENE
_____    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Clifton Kerr  v. The State of California, et al.,, | 2 5 P S C V 0 1 9 6 1 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the *Civil Case Cover Sheet (Judicial Council form CM-010)*, find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

2 5 P S C V 0 1 9 6 1

| SHORT TITLE | CASE NUMBER |
|---|---|
| Clifton Kerr  v. The State of California, et al., | |

| | | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| **Contract** *(Continued)* | | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>                    Number of Parcels _____ | 2, 6 |
| | | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | | ☐ 2602 Quiet Title | 2, 6 |
| | | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Clifton Kerr v. The State of California, et al., | 25PSCV01961 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Clifton Kerr v. The State of California, et al., | 2 5 P S C V 0 1 9 6 1 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☒ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Clifton Kerr  v. The State of California, et al.,, | 25PSCV01961 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>PPD  3 Skyview Circle Phillips Ranch California<br>[91766] |
|---|---|
| CITY:<br>POMONA | STATE:<br>CA | ZIP CODE:<br>[91766] |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Los Angeles County District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 5-29-2025

_____
k. R. R.
IRENE
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

 **Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 11/24
For Mandatory Use

Page 1 of 3

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

## Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*



## Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hr.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Clifton Kerr, Pro Per
c/o 3 Skyview circle
Phillips Ranch California
909-942-8787

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAY 29 2025**

David W. Slayton, Executive Officer/Clerk of Court

# SUPERIOR COURT OF THE STATE CALIFORNIA

## COUNTY OF LOS ANGELES

Clifton Kerr

        Claimant,

v.

THE STATE OF CALIFORNIA,

McCARTHY & HOLTHUS LLP,

JUDGE NEIL BASON,

MELISSA R. COUTTS,

KATHY A. DOCKERY.

        Respondents.

Case No.

# 25PSCV01961

Date:
Time:
Court Room:
DEMAND FOR ADR
DEMAND FOR TRIAL BY JURY

**60 MILLION DOLLAR CLAIM UNDER 42 U.S. CODE SEC.1983 ACTION FOR DEPREVATION OF CIVIL RIGHTS, VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD, FORGERY, WRONGFUL FORECLOSURE, AND BREACH OF CONTRACT THIS CLAIM IS ALSO FOR OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE**

**DEMAND FOR SETTLEMENT CONFERENCE**

**RESERVE RIGHT TO AMEND**

## <u>60 MILLION DOLLAR CLAIM UNDER 42 U.S. CODE SEC. 1983 ACTION FOR DEPRIVATION OF CIVIL RIGHTS, VIOLATION OF DUE PROCESS, CONSPIRACY TO COMMIT REAL ESTATE DEED FRAUD, FORGERY, WRONGFUL FORECLOSURE, AND BREACH OF CONTRACT THIS CLAIM IS ALSO FOR OBSTRUCTION OF THE ADMINISTRATION OF JUSTICE</u>

[ "Cujusque Rei Potissima Pars"][The Principle Part Of Everything Is In The Beginning]

Comes Now Respondent Clifton Kerr, to file his Claim against the Claimant's. The claim will be brought forward in Common Law, "Administrative Law," "Law," "Equity," and Under the Uniform Commercial Code. This 42 U.S. Code Sec. 1983 Civil Action Claim is for Depravation of Civil Right Under Color of Law, conspiracy to commit real estate deed fraud, and forgery. This case is brought to enforce constitutional rights under 42 U.S.C. § 1983, conspiracy statutes under Federal Law.

### 42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be a statute of the District of Columbia.

2

## JURISDICTION:

1. The Judiciary Act, though, Congress placed admiralty under the jurisdiction of the federal courts.

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

3. This court has personal jurisdiction over the Respondents' corporations because the corporation's principal place of business is in this state.

4. Venue is proper pursuant to 28 U.S.C. 1391(b) because the events giving rise to the allegations in this complaint occurred in this district.

5. Federal court has jurisdiction over this case based on the following reasons:

a. 42 USC 1983 civil rights claim is Constitutional dispute.

b. The Claimant filed a claim against the state court judge, whereby other state court judges would have a conflict of interest.

c. The state is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office.

d. The state is in control of the Claimant's property deed when there is no law that forced the Claimant to register his property.

e. The state is paying the judge and providing a pension, 401-k, so other state court judges will have a conflict to hear this case in state court.

6. The State is the real party responsible for the foreclosure on the Claimant's property using state-licensed sub-agencies to do the dirty work.

7. The amount of damage is over what the state court has jurisdiction to rule on.

8. The Respondents violated Federal Laws.

9. The Respondents violate the Claimant's right to due process in state court whereby is liable under 42 U.S.C 1983 a federal civil rights statute.

3

10. There is no other court available for remedy.

## FACTUAL ALLEGATIONS:

11. The original contract in this case was altered, stolen and that there was an addition to the agreement with the following items that are missing from the contract filed in this case:

12. The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

13. The bank or financial institution involved in the alleged loan will follow GAAP,

14. the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

15. the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

16. the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens, and

17. the written agreement gives full disclosure of all material facts.

18. The Bank Advertised That They Loan Money:

a. I applied for a loan.

b. They refused to loan me legal tender or other depositors' money to fund the alleged bank loan check.

c. The bank misrepresented the elements of the alleged agreement to the alleged borrower.

d. There is no bona fide signature on the alleged promissory note.

e. The promissory note is a forgery.

f. The promissory note—with my name on it— obligates me to pay $ 798.497.38 plus interest, giving it a substantial value in todays market if it were sold to investors.

g. The bank recorded the forged promissory note as a loan from me to the bank.

h. The bank used this loan to fund the alleged bank loan check back to me.

i. The bank refused to loan the Claimant legal tender or other depositors' money in the amount of $ 798.497.38 or repay the unauthorized loan it recorded from me to the bank.

j. The bank changed the cost and the risk of the alleged loan.

k. The bank operated without my knowledge, permission, authorization, or agreement.

l. The bank denied me equal protection under the law.

m. The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

n. They refused to disclose whether the check was the consideration loaned for the alleged promissory note.

o. The bank failed to disclose if the promissory note is money or not money.

q. It appears the bank recorded the promissory as an unauthorized loan from me to the bank.

19. The Respondent's committed and conspired to commit real estate deed fraud when they failed deliver the property deed as mandated by the state property transfer statute.

a. The mortgage deal was Not done according to the GAAP accounting principles in violation of the federal law.

b. The electronic credits called the mortgage loan was generated by the Respondent's signature on the promissory note.

c. The words stamped on the promissory note "pay to the order of" without recourse will verify the bank official who signed there received the electronic credits called the mortgage loan.

d. There was no exchange of money in the mortgage loan.

20. Valid conveyances require that the executed deed be delivered to and accepted by the grantee.

21. The property deed was never delivered or accepted by the Claimant.

22. The Respondents committed acts of forgery when they fraudulently made false documents and altered real documents as if they are genuine.

23. The fact the alleged lender accepted the Claimant's signature on the mortgage lien proves the Claimant owned the property already.

24. The first illegal mortgage lien was placed on the property after the unlawful registration.

25. Pamela Gayle is an alleged co-owner of one of the properties listed as damages in the respondents claim, she is included as the required for filing a claim against someone's property.

26. The attorney Melissa Robbins Coutts is employed for McCarthy Holthus a 3rd party debt collector located at 2763 Camino Del Rio S. Ste 100.

27. On December 19, 2024, Melissa R. Coutts filed the Unlawful detainer case # 24WCUD02549 against the Claimants property without an affidavit from an injured party to provide jurisdiction to the court fully knowledgeable that Wilmington Trust National Association and Clifton Kerr have an uncontested stipulated agreement filed in the court record on 09-29-2021 in Federal Case: 2:21-cv-04762-ODW-JEW, filed in the Public Record with the State of California on 11-16-2021, file# U210103076519.

28. The statute the attorney used in the foreclosure complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law.

29. The foreclosing statute California Civil Code Sections 2924-2924K is missing the enacting clause, the title, and the body, and therefore the foreclosing statute is not a valid law and is unconstitutional on its face.

30. The Respondents violated the F. D. C. P. A. when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party.

31. Lawyer Melissa R. Coutts failed to respond to the Claimant's to the demand to quash and dismiss on 2/24/2025.

32. The attached ROA sheet will show Melissa R. Coutts never responded to the jurisdictional challenge with an affidavit by a counter-affidavit.

33. The Claimant filed a copy of his affidavit in the public record showing he is not a U.S. citizen, he is a State Citizen of the Republic State of California, and therefore not subject to the court's statutory jurisdiction without an injured party.

34. Bankruptcy Trustee Kathy A. Dockery confirmed no injured party in the Bankruptcy Creditor Proof of Claim according to the final filed Bankruptcy Trustee Report. **Exhibit B**

35. The Claimant filed a Chapter 13 petition on 7-01-2024.

36. On 8-16-2024 Mc Carthy & Holthus LLP lawyers Jennifer C. Wong and JoVonne M. Phillips, filed forged altered documents as creditor proof of claim in bankruptcy court.

37. On 8-16-2024 Mc Carthy & Holthus LLP lawyers Jennifer C. Wong and JoVonne M. Phillips filed forged altered documents as creditor proof of claim in bankruptcy court.

38. On 09-11-2024 Neil W Bason made a journal entry made a journal entry of judgment based on the creditor proof of claim after notice of the altered forged documents.

39. Trustee Final Report filed 11-26-2024 by Bankruptcy Trustee Kathy A. Dockery, list Scheduled Creditors Wilmington Trust National Association Unsecured Claim Asserted NA Claim Allowed NA. Trustee Final Report filed by Bankruptcy Trustee Kathy A. Dockery, list Scheduled Creditors Wilmington Trust, N. A. Unsecured Claim Asserted 0.00 Claim Allowed 0.00.

40. Judge Neil W. Bason **terminated** the bankruptcy case dated 12-05-2024.

41. Judge Bason is notice of forged deed investigations and fraudulent intent 04-24-2025.

42. Judge Bason is notice 05-02-2025 of altered forged deed document investigation of Los Angeles District Attorney, Department Of Justice, US Trustee, judge willfully disregarded constitutes willful blindness and calculated inaction to the forged instrument despite notice of its fraudulent origin, including law enforcement records.

43. Kathy A. Dockery chapter 13 trustee is notice of forged deed investigations and fraudulent intent 04-24-2025 and has a duty to act.

44. Kathy A. Dockery chapter 13 trustee is notice 05-02-2025 of altered forged deed document investigations of district attorney, department of justice, US Trustee, willfully disregarded constitutes willful blindness and calculated inaction to the forged instrument—despite notice of its fraudulent origin, including law enforcement records.

45. Judge Leslie Gutierrez made a journal entry order on 04-30-2025.

46. The Claimant filed an ex parte application with the judge on heard on 4-22-2025. Judge Leslie Gutierrez determined that ex-parte service was sufficient.

47.The attorney Melissa R. Coutts did not show up to the ex-parte hearing and Judge Leslie Gutierrez did not default the lawyer Melissa R. Coutts.

48. Judge Leslie Gutierrez did not notice Claimant of 4-30-2025 hearing set on its on motion.

49. Judge Leslie Gutierrez signed an order to default Claimant and lift the stay of the writ of possession on 4-30-2025.

50. The Claimant was not notified by the state court or the parties the judge terminated the case on 4-30-2025.

51. The Claimant filed his notice of removal and moved the state court unlawful detainer action over to the federal court in the interest of justice on 5-6-2025

52. Claimant filed on 5-6-2025 a notice of removal is served against the Respondents, and on 5/7/2025 the removal notice is filed the state UD case and served on the Sheriff.

53. The illegal sale was done using the forged documents from the bankruptcy case the is terminated. See **Exhibit C**.

54. The quiet title case is currently pending in the state court and the attorney ignored the pending federal case.

55. A Lis Pendens was filed at the County Recorder on 04-08-25. See **Exhibit D**

56. The Claimant's house was sold in a sheriff sale on 10-10 2024 using the forged deed to conduct the illegal foreclosure.

## 57. SCHEME TO DEFRAUD:

a. The contract filed in this case is forged and missing at least 6- provisions that are listed in the original contract.

b. The foreclosure statute used to provide the court with jurisdiction is not a valid law as it is missing the 3 elements the State Constitution mandates must be present to be a valid law.

c. The State constitution mandates all laws are to be enacted and have an enacting clause, a title, and a body.

d. Original Contract with the signatures of both the alleged borrower, and the lender have never been filed in court to verify there was a bilateral contract.

e. Without a certification of the accounting entries of the attorneys cannot verify there was a debt.

f. The attorney cannot verify agency and therefore the foreclosure lawsuit has a fatal flaw.

g. The foreclosure was filed showing the lender as the Respondent, however, no one from the lender's corporation signed the foreclosure documents.

h. There is no witness before the court to give the court jurisdiction.

i. There is No Affidavit filed in the case to give the state court jurisdiction.

## THE LENDER FAILED TO FOLLOW THE GAAP ACCOUNTING LAWS:

58. The contract should be rescinded because the attorneys did not provide full disclosure, the contract is extremely deceptive and unconscionable, In re Pearl Maxwell, 281 B.R. 101. The Truth in Lending Act, Regulation Z, 12 CFR §226.23, states that the security agreement signed with a lender can be rescinded if they have not provided the proper disclosures.

59. The original debt was zero because Respondent's financial asset was exchanged for FED's promissory notes in an even exchange. Promissory Notes and other commercial instruments are legal tender, financial assets to the originator and a liability to the lender.

60. If a security interest in the note is perfected, by recording it on a lien as a registered security, the maker or originator becomes an entitlement holder in the asset.

61. But the attorney's do not understand that they have this liability because most of them are unaware of it.

a.      UCC §1-201(24), §3-104, §3-306, §3-105,

b.      UCC §§8-102 (7), (9), (15), (17), §8-501, §8-503, §8-511

c.      UCC §§9-102(9), (11), (12)(B), (49), (64)

d.      12 USC 1813(l)(1)

62. The Claimant's records will show the Claimants have an offsetting liability to the Respondent pursuant to FAS 95, GAAP and Thrift Finance Reports (TFR).

63. These records include:

a. FR 2046 balance sheet,

b. 1099-OID report,

c. S-3/A registration statement,

d. 424-B5 prospectus and

e. RC-S & RC-B Call Schedules

Respondent's claims are brought forward Under Common Law:

## 64. ELEMENTS FOR COMMON LAW:

a. Controversy (The listed Claimants)

b. Specific Claim (wrongful foreclosure, breach of contract, 42 U.S.C 1983 a federal civil rights statute, The Administrative Procedures Act. Of 1946, The Tuckers Act, Conspiracy)

c. Specific Remedy Sought by Claimant (60- million dollars)

d. Claim Is Sworn To (Affidavit of Verification attached), and I will verify in open court that all herein be true.

## 65. PARTIES:

a.  Clifton Kerr is a domiciled of Los Angeles County, California.

b.  The first defendant is The State of California.

c.  The second defendant is McCarthy & Holthus LLP.

d. The third defendant is Bankruptcy Judge Niel W. Bason.

e.  The fourth defendant is Melissa R. Coutts.

f. The fifth defendant Chapter 13 Trustee Kathy A. Dockery.

Count One: Violation of 42 U.S.C. 1983:

1. Respondent incorporates by reference the facts alleged in paragraphs 1-87.

2. The Claimant's negligence was the direct and proximate result of the Respondent's injuries.

Count Two: Violation of Due Process:

1. Respondent incorporates by reference the facts alleged in paragraphs 1-87

The Claimants had a duty to follow the law and the constitution.

Count Three: Conspiracy to Commit Real Estate Deed Fraud:

2. Respondent incorporates by reference the facts alleged in paragraphs 1-87

Count Four:

Forgery:

3. Respondent incorporates by reference the facts alleged in paragraphs 1-87

Count Five:

Wrongful Foreclosure:

4. Respondent incorporates by reference the facts alleged in paragraphs 1-87

Count Six:

Breach of Contract:

5. Respondent incorporates by reference the facts alleged in paragraphs 1-87

Count Seven:

Real Estate Deed Fraud:

6. Respondent incorporates by reference the facts alleged in paragraphs 1-87

Count Seven:

Obstruction of The Administration of Justice

7. Respondent incorporates by reference the facts alleged in paragraphs 1-87

Count Eight:

Violation of The Administrative Procedures Act. 1-87

WRONGFUL FORECLOSURE:

1. The wrongful foreclosure action filed in state court had no injured party and therefore damages should be granted.

2. The 6th Amendment secures that no person will be deprived of life, liberty, or property without due process of law.

3. The "the injured party" must appear and state he/she is owed a debt, the debtor must be given the right to challenge this debt for "validation" 15 USC 1692g. Only an "injured party" can claim a debt is owed. "Imaginary persons" cannot appear or give testimony and cannot be the "Respondent" of any cause of action.

4. There is no injured party in the state foreclosure case and it and therefore the court did not have jurisdiction.


## BREACH OF CONTRACT:

7. The bank advertised that they loan money:

a. I applied for a loan.

b. They refused to loan me legal tender or other depositors' money to fund the alleged bank loan check.

c. The bank misrepresented the elements of the alleged agreement to the alleged borrower.

d. There is no bona fide signature on the alleged promissory note.

e. The promissory note is a forgery.

f. The promissory note—with my name on it— obligates me to pay $798,497.38 plus interest, giving it a substitutional value if it were sold to investors.

g. The bank recorded the forged promissory note as a loan from me to the bank.

h. The bank used this loan to fund the alleged bank loan check back to me.

i. The bank refused to loan me legal tender or other depositors' money in the amount of $798,497.38 or repay the unauthorized loan it recorded from me to the bank.

j. The bank changed the cost and the risk of the alleged loan.

k. The bank operated without my knowledge, permission, authorization, or agreement.

l. The bank denied me equal protection under the law.

m. The bank refused to disclose material facts of the alleged agreement and refused to tell me if the agreement was for me to fund the alleged bank loan check or if the bank is to use the bank's legal tender or other depositors' money to fund the bank loan check.

n. They refused to disclose whether the check was the consideration loaned for the alleged promissory note.

o. The bank failed to disclose if the promissory note is money or not money.

p. It appears the bank recorded the promissory as an unauthorized loan from the Respondent to the bank.

q. The attorneys are misrepresenting themselves as working for a lender when they are illegally collecting as a 3rd party debt collector in violation of the F.D.C.P.A.

66. The Respondents violated the Claimant's right to due process 42 U. S. C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules.

67. The Respondents obstructed the administration of justice.

NEGLIGENT/RECKLESS CONDUCT:

68. As a proximate result of the negligent or reckless conduct of the attorney acting as a 3rd party debt collector the Respondent suffered injury when the attorney filed unlawful foreclosure using a foreclosure statute that is missing the 3 elements needed to be considered a valid law.

69. The state constitution mandates laws to be enacted by congress and they must have an enacting clause, a title, and a body.

70. The revised statutes use to provide jurisdiction to the court is not a valid law and therefore rob the court of jurisdiction. The attorneys filed a forged contract in the state foreclosure case.

71. The contract filed is missing the following provisions agreed upon in the original contract:

a) The intent of the agreement is that the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money,

b) The bank or financial institution involved in the alleged loan will follow GAAP,

14

c) the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower,

d) the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument,

e) the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP, thus ending all interest and liens, and

f) the written agreement gives full disclosure of all material facts.

72. The Respondents violated the Claimant's right to due process 42 U. S. C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules.

73. The Respondents obstructed the administration of justice.

### Slander of Title:

74. The Respondents have caused to be recorded various documents including an unlawful foreclosure which constitutes slander of title, and the Claimant should be awarded resulting damages to be fully proved at the time of trial.

### Slander of Credit:

75. The Claimant allege that the actions and inactions of the Respondents have impaired their credit causing them to lose the ability to have good credit entitling them to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

### Infliction of Emotional Distress:

76. The Respondents have intentionally and negligently taken illegal actions which have caused the Respondent's severe emotional distress.

77. The attack on the Claimant's home using a statute that is not a valid if fraud on the court.

78. The fact part of the original agreement is missing from the contract filed in the state foreclosure case is a clear showing of illegal intent to cause distress.

## Damages:

79. The Claimant is seeking damages for wrongful foreclosure, and he has shown that

(a.) there was an irregularity in the foreclosure sale and

(b.) the irregularity caused the Respondent damages. See University Sav. Ass'n v. Springwoods.

80. As a proximate result of the negligent actions of Claimants, the Respondents have suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

81. As a result of these actions by McCarthy Holthus LLP, Jennifer C. Wong, Melissa R. Coutts, and the Respondents.

I have suffered in the following ways:

### a) Compensatory Damages - Lost Income & Economic Harm

As a self-employed business owner, Claimant has suffered substantial and ongoing economic damages due to Respondents' unlawful actions, including:

- Lost client revenue from canceled appointments (estimated at $1,200/day)
- Irrecoverable business opportunities due to cognitive impairments
- Inability to perform normal business operations (client consultations, legal coordination, administrative tasks)
- Permanent loss of professional goodwill and reputation

These losses are compounded by Claimant's pre-existing brain injury, which Respondents' conduct exacerbated through:

- Induced sleep deprivation triggering aphasia and audio processing disorders
- Cognitive impairments causing additional cancellations (creating a continuous cycle of harm)
- No possibility of paid leave or income recovery typical of traditional employment

16

**b) Medical Damages & Physical Deterioration**

Respondent seeks compensation for:

- Quantifiable medical expenses related to stress-induced conditions
- Treatment costs for chronic pain management
- Hypertension-related care and monitoring
- Value of accelerated deterioration of pre-existing conditions
- Future medical costs projected from permanent health impacts

**c) Non-Economic Damages**

Respondent demands judgment for:

1. **Pain and Suffering**
   - Permanent mental health impacts (chronic anxiety disorder)
   - Loss of quality of life and emotional wellbeing
   - Sleep deprivation consequences
2. **Constitutional Violations**
   - Damages under 42 U.S.C. § 1983 for Claimants' deliberate indifference to:
     - Fourteenth Amendment due process rights
     - Fundamental property rights
     - Constitutional protections against arbitrary deprivation
3. **Punitive Damages**
   - For Claimants' willful, malicious, or reckless disregard of federal law

**d) Equitable Relief**

- Declaratory judgment that Claimants violated constitutional rights
- Injunctive relief preventing further unlawful actions
- Any other relief the Court deems just and proper

### 82. The Judge Lacks Immunity When He/ She Violates The Law:

The judge has qualified immunity when he/she follows the constitution and the law. The Tucker Act exposes the government to liability for certain claims. Specifically, the Act extended the

court's jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution (including takings claims under the Fifth Amendment), a federal statute or regulation, and claims in cases not arising in tort. The relevant text of the Act is codified in 28 U.S.C. §§ 1346(a) and 1491. The Tucker Act (March 3, 1887, ch. 359, 24 Stat. 505, 28 U.S.C. § 1491) is a federal statute of the United States by which the United States government has waived its sovereign immunity with respect to lawsuits pertaining to 5th Amendment violations of due process.

### The Five Elements of "Due Process:

83. In assessing whether this demonstration has been or can be made, the courts look to the five elements, which, over the centuries of judicial experience, have come to be recognized as the sine qua non of "due process."

a. Equality: The system must not discriminate procedurally between parties. If one party is entitled to counsel, then all are entitled. If notice is provided one, it must be provided for all. The essential requirement for Equality is that the system provide a "level playing field" for the disputants. Discrimination in appearance or fact is an anathema to the Equality required to satisfy due process.

b. Economy: The cost of access to the system must not be a barrier to its use or operate to the disadvantage of one or the other parties. This means that grievance and arbitration proceedings should not be made a Board profit center and, in fact, may have to become subsidized to assure open access.

c. Expedition: As "justice delayed is frequently justice denied," there is an affirmative obligation on the part of the system to expedite ethics and arbitration proceedings. This does not foreclose orderly procedure with adequate time to ensure notice, time to prepare, opportunity to identify and gather witnesses, and otherwise develop facts and arguments. It does, however, foreclose dilatory tactics, unreasonable extension of time, and protraction of hearings.

d. Evidence: The system must be designed and function to elicit evidence, not assumptions; proof, not presumptions. While strict rules of evidence in the judicial sense do not apply, there must be control of what is admitted as relevant and judgment as to what is mere speculation and hearsay designed to prejudice rather than inform.

Equity: The system must produce decisions that reflect a sense and substance of "rightness" and "reasonableness." In matters involving unethical conduct, the punishment should fit the offense. The judgment should reflect consideration of extenuating circumstances and a balancing of competing values and objectives. Moreover, the predictability, consistency, and uniformity of the system's performance is an important measure of Equity.

Conspiracy: A federal criminal conspiracy is built up of five elements:

a. Two or more persons that;

b. Intentionally;

c. Agreed;

d. To violate federal law or defraud the United States; and commit an overt act in furtherance of the agreement.

### 84. Elements for Forgery:

Forgery is making, using, altering, or possessing a false document with the intent to commit fraud. Forgery can be the creation of a false document or changing an authentic one. There are several elements to the crime of forgery, and all must be proven before someone can be found guilty:

a. A person must make, alter, use, or possess a false document. Forgery can be creating a false document from scratch or altering an otherwise genuine document in a material way. The alteration is material if it affects a legal right.

b. The writing must have legal significance.

c. The writing must be false. The writing must have been created or changed in a way that makes it appear that the document represents something that it is not.

d. Intent to defraud.

## The Administrative Procedures Act. Of 1946

85. The defendants violated **The "ADMINISTRATIVE PROCEDURES ACT AT 5 USC §551 et seq. (1946).** This Federal Law was "Enacted" into law in 1946, and the key to this law is it states the governments Administrative policies must be in harmony with the Constitution. The administrative procedures act mandates in part "Non-legislative rules" such as guidance, guidelines, agency staff manuals, staff instructions, opinion letters, and press releases are called "statements of policy" or "guidance." (The two terms are not synonyms, only closely correlated: statements of policy are almost always issued in documents classified as guidance, and guidance documents to the public often include statements of policy.) Guidance and statements of policy are not legally binding on the public because they have not gone through the required procedures to become "legislative" regulations binding on the public (depending on the rule, hearing, notice, comment, publication). However, when stated in mandatory language, they can bind the agency itself. They have only hortatory effect on the public, the plaintiff is challenging the courts right to enforce the policy statement or guidance and to dismiss the plaintiff's legal pleading without forcing the attorneys to prove jurisdiction on the court record to give the court jurisdiction to hear this dispute. The judge unlawfully dismissed the plaintiff's jurisdictional challenge with an affidavit without forcing the attorneys to prove jurisdiction. The plaintiff demands a Judicial review of the defendant's misconduct for abuse of discretion, as authorized by the US Administrative Procedures Act. of 1946.

**Claimant also states**: The defendants violated the FDCPA which mandates debt collectors cannot use false, deceptive, or misleading practices. Melissa R. Coutts, used false, deceptive, or misleading practices in the unlawful detainer case signed the documents used to initiate the foreclosure process illegally acting as a 3rd party debt collector. The attorney listed WILMINGTON TRUST NATIONAL ASSOCIATION, et. al as the plaintiff in their illegal lawsuit when the attorneys were the only signer on the lawsuit documents.

Attorney employed/partners at McCarthy & Holthus LLP acting as debt collectors use false, deceptive, or misleading practices using forged documents to mislead and deceive the Bankruptcy Court to get a judgement used to initiate the illegal foreclosure process.

### 1983 / Bivens – Color of Law Violations

86. The bankruptcy judge and bankruptcy trustee, acting under color of federal law, were formally noticed of a forged deed used to support a fraudulent claim in bankruptcy court. Their knowing failure to act constitutes willful blindness, a denial of due process, and complicity in fraud on the court—violations of Plaintiff's rights under the Fifth and Fourteenth Amendments.

Such misconduct exceeds any judicial or quasi-judicial immunity. Their omissions breached statutory duties under 11 U.S.C. §§ 704(a), 105(a), and FRCP 60(d)(3), directly causing unlawful deprivation of property and obstruction of justice. These actions give rise to federal claims under **42 U.S.C. § 1983** and **Bivens**, mandating federal jurisdiction.

The federal bankruptcy judge and trustee, acting under color of federal law, violated First and Fifth Amendment rights by knowingly ignoring a forged deed used to defraud the court. Their deliberate inaction denied due process and blocked access to the courts.

These violations breach mandatory duties under 11 U.S.C. §§ 704(a)(1), 704(a)(5), and 105(a), and constitute fraud on the court under FRCP 60(d)(3). Immunity does not protect fraud or complicity.

Claims arise under Bivens and 42 U.S.C. § 1983, establishing federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). The property value exceeds $75,000, but diversity jurisdiction is displaced due to federal actors' involvement.

Counterclaims create independent, mandatory federal jurisdiction. Supplemental jurisdiction applies as all claims stem from the same facts.

These actions give rise to federal claims under **42 U.S.C. § 1983** and **Bivens**, mandating federal jurisdiction.

87. Request for Damages:

Claimant request compensatory and general damages for expenses for legal expenses, medical
bills, mental anguish associated with living with the consequences of the Respondent's
negligence, loss of income, and damaged credit score, embarrassment from having Claimant's
house listed on Zillow and other Real estate foreclosure websites before while the case is in
litigation. The Respondent request punitive damages in what the jury finds just and fair.
Claimant requests that this court enter judgment for the Claimant and against each of the
Respondents, and grant:

a. compensatory and consequential damages, including damages for emotional distress,
humiliation, and other pain and suffering on all claims allowed by law in an amount in excess
60 Million Dollars

h. any further relief that this court deems just and proper, and any other appropriate relief a law


**WHEREFORE**, Claimant, Clifton Kerr, request the following

a. That the court enter a judgment in favor of Clifton Kerr, and against the Respondents on all
counts of the Complaint:

b. That the court award compensatory damages into Clifton Kerr and against the Respondents
jointly and severally, in an amount to be determined at trial:

c. That the court award punitive damages to Clifton Kerr, and against the Respondents, jointly
and severally, in an amount to determine at trial in order that such award will deter similar
proscribed conduct by the Respondents in the future.

d. That the court award Clifton Kerr, and against the Respondents, prejudgment and post-
judgment interest on all sums awarded in this action, and including reasonable legal fees,
pursuant to 42.U.S.C. Sec. 1988: and

e. The B.A.R. Card no. 246723 for the practice of law for Melissa R. Coutts.

f. The Property and Law Offices Of McCarthy & Holthus LLP located at 2763 Camino Del Rio South, ste. 100, San Diego California, 92108.

e. That the court grant Respondent such other equitable relief that the court deems appropriate


**Demand For A Settlement Conference**

Comes Now, the Claimant, and hereby demands a settlement conference.

## VERIFICATION UNDER PENALTY OF PERJURY

I, **Clifton:kerr**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am the Claimant in the above-entitled action.
2. I have read **This Claim** and know its contents.
3. The facts alleged therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: 5-27-2025
Phillips Ranch, California

/s/Clifton:kerr - bene
Clifton: Kerr
Without Prejudice UCC 1-308

# EXHIBIT B

# TRUSTEE'S BANKRUPCY FINAL REPORT

# UNITED STATES BANKRUPTCY COURT
## CALIFORNIA CENTRAL DISTRICT

|  |  |
|---|---|
| In re:<br>    Clifton Kerr<br><br>        Debtor(s) | Case No. 24-15212-NB |

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Kathy A. Dockery, chapter 13 trustee, submits the following Final Report and Account of administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 07/01/2024.

2) The plan was confirmed on NA.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on NA.

4) The trustee filed action to remedy default by the debtor in performance under the plan NA.

5) The case was dismissed on 09/17/2024.

6) Number of months from filing or conversion to last payment: 1.

7) Number of months case was pending: 5.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $4,400.00.

10) Amount of unsecured claims discharged without full payment: $0.00.

11) All checks distributed by the trustee relating to this case have cleared the bank.

**UST Form 101-13-FR-S (09/01/2009)**

**Receipts:**

| | | |
|---|---|---|
| Total paid by or on behalf of the debtor | $86.00 | |
| Less amount refunded to debtor | $0.00 | |

**NET RECEIPTS:** $86.00

---

**Expenses of Administration:**

| | |
|---|---|
| Attorney's Fees Paid Through the Plan | $0.00 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $86.00 |
| Other | $0.00 |

**TOTAL EXPENSES OF ADMINISTRATION:** $86.00

Attorney fees paid and disclosed by debtor:      $0.00

---

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---|---|---|---|---|
| BANK OF AMERICA, N.A. | Unsecured | NA | 9,837.39 | 9,837.39 | 0.00 | 0.00 |
| BMO BANK NA | Unsecured | NA | 2,957.53 | 2,957.53 | 0.00 | 0.00 |
| BUREAUS INVESTMENT GROUP PO | Unsecured | NA | 2,739.47 | 2,739.47 | 0.00 | 0.00 |
| CALIFORNIA DEPT. OF TAX AND FE | Unsecured | NA | 1,085.80 | 1,085.80 | 0.00 | 0.00 |
| CAPITAL ONE N.A. | Unsecured | NA | 4,777.71 | 4,777.71 | 0.00 | 0.00 |
| DISCOVER BANK | Unsecured | NA | 930.44 | 930.44 | 0.00 | 0.00 |
| QUANTUM3 GROUP LLC | Unsecured | NA | 3,010.06 | 3,010.06 | 0.00 | 0.00 |
| RESURGENT CAPITAL SERVICES | Unsecured | NA | 2,526.63 | 2,526.63 | 0.00 | 0.00 |
| RESURGENT RECEIVABLES, LLC | Unsecured | NA | 982.92 | 982.92 | 0.00 | 0.00 |
| WELLS FARGO BANK, N.A. | Unsecured | NA | 899.62 | 899.62 | 0.00 | 0.00 |
| Wilmington Trust National Association | Unsecured | NA | NA | NA | 0.00 | 0.00 |
| WILMINGTON TRUST, NA | Secured | NA | 0.00 | 0.00 | 0.00 | 0.00 |

UST Form 101-13-FR-S (09/01/2009)

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $0.00 | $0.00 | $0.00 |
| Debt Secured by Vehicle | $0.00 | $0.00 | $0.00 |
| All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| | | | |
| **GENERAL UNSECURED PAYMENTS:** | **$29,747.57** | **$0.00** | **$0.00** |

| Disbursements: | |
|---|---|
| Expenses of Administration | $86.00 |
| Disbursements to Creditors | $0.00 |
| | |
| **TOTAL DISBURSEMENTS :** | **$86.00** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administr: matters for which the trustee is responsible have been completed. The trustee requests a final decr entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 11/26/2024

By: /s/ Kathy A. Dockery
Trustee

STATEMENT: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (09/01/2009)**

# EXHIBIT C

## FORGED DEED AND RECORDED DEED

04/02/2015 8:17 AM FAX                                                      @0005/0007

This page is part of your document - DO NOT DISCARD



**20150223777**

Pages:
0012

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/01/15 AT 08:00AM

| | |
|---|---|
| FEES: | 0.00 |
| TAXES: | 2,288.00 |
| OTHER: | 0.00 |
| PAID: | 2,288.00 |



04/02/2015  8:17 AM FAX                                                          @ 0000/0007

Recording requested by (name):

PAMELA GAYLES

And when recorded, mail this deed and tax
statements to (name and address):

PAMELA GAYLES

3 SKYVIEW CIRCLE

POMONA, CA 91766

# GRANT DEED

| | DOCUMENTARY TRANSFER TAX $_____ |
|---|---|
| APN:_____ | EXEMPTION (R&T CODE) _____ |
| | EXPLANATION __SEE ATTACHED__ |
| | Signature of Declarant or Agent determining tax |

For a valuable consideration, receipt of which is hereby acknowledged,

CLIFTON KERR, A MARRIED MAN AS HIS SOLE & SEPERATE PROPERTY
(Current Owner(s), including form of title)

hereby grant(s) to  PAMELA GAYLES
(New Owner(s))

as  TENANTS IN COMMON
(An Unmarried Person / Joint Tenants / Tenants in Common / Community Property / Community Property with Right of Survivorship / etc.)

the following real property  in the City of  POMONA _____, County of

LOS ANGELES _____, California: (Insert legal description)

PLEASE SEE EXHIBIT A ATTACHED AND HEREIN MADE A PART HEREOF

ALSO KNOWN AS 3 SKYVIEW CIRCLE, POMONA, CA 91766

Date: _3/31/15_          _Clifton Kerr_
                         (Signature of declarant)

                         _____
                         (Typed or written name of declarant)

Date: _____       _____
                         (Signature of declarant)

                         _____
                         (Typed or written name of declarant)

State of California
County of _Los Angeles_                              NOTARY SEAL

On _March 31_, 20_15_, before me,
_Vickie Banando_, a notary public, personally appeared
_Clifton Kerr_____, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Vickie Banando_

04/02/2015  8:18 AM FAX                                                 ☒0007/0007

## EXHIBIT "A"

3 Skyview Circle City of Pomona, County of Los Angeles State of California 91766
Assessor's Property Parcel Number: ▓▓▓▓▓▓

Lot 46 of Tract No. 33914, in the City of Pomona, County of Los Angeles, and State of California,
as shown on a map recorded in Book 894 Page(s) 84 to 89 inclusive of maps, in the office of the
County Recorder of said Country.


    ALSO TOGETHER WITH assignment of any and all Rights, Title, Interests,
Privileges, and Immunities, as Assign(ee)/(s), of the Original Patentee(s) or Grantee(s)
to that portion or those portions of United States Land Patent(s) No. 48 & 47 , a
Certified Copy of hereto as Exhibit "B" and Exhibit C and incorporated here at by
reference, originally recorded by United States Letters Patent in Book 2 page 286 et
seq. of County Patents, as the same concerns the herein described real property.


Page 8 of 8  9



This page is part of your document - DO NOT DISCARD





**20150223777**

Pages:
0012

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/02/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 0.00 |
| TAXES: | 2,288.00 |
| OTHER: | 0.00 |
| PAID: | 2,288.00 |





**LEADSHEET**



201503020200004

00010233642



006675852

**SEQ:
02**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

E94



RECORDED DEED

**Commonwealth Land Title Company**



03/02/2015

*20150223777*

RECORDING REQUESTED BY,
MAIL TAX STATEMENTS TO
AND WHEN RECORDED MAIL TO:

City of Monterey Park
City Clerk
320 W. Newmark
Monterey Park, CA 91754-2896

*80107459*

This document is exempt from payment of a recording
fee pursuant to Government Code § 27383.

## GRANT DEED

Dated for reference purposes as of February 25, 2015.
The undersigned Grantor(s) declare(s) Documentary Transfer Tax is $2,288.00.
For valuable consideration, receipt of which is hereby acknowledged,

The MONTEREY PARK SUCCESSOR HOUSING AGENCY, a political subdivision
of the state of California ("SHA"), grants to LINC-MONTEREY PARK APARTMENTS
HOUSING INVESTORS, LP, a California limited partnership ("LINC"), the real property
identified in attached Exhibit "A," which is incorporated by reference (the "Site"), subject to the
existing easements, restrictions and covenants of record.

    1.    **Conveyance.** The Site is conveyed in accordance with a Development Agreement
by and between the City of Monterey Park, a municipal corporation and general law city  ("City")
and LINC Community Development Corporation ("LINC CDC"), dated as of March 4, 2014, as
amended and assigned by that certain First Amendment to Development Agreement, dated
February 25, 2015, by and among City, SHA, LINC CDC and LINC (as amended and assigned to
LINC, the "AMENDED DA"), a copy of which is on file with the City Clerk's office as a public
record and is incorporated by reference. The AMENDED DA requires LINC to construct six
affordable units. All terms used in this Grant Deed have the same meaning as those used in the
AMENDED DA. For purposes of this Grant Deed, the Parties agree and understand that the City
of Monterey Park, its officials, and employees, may act on behalf of the SHA.

    2.    **Permitted Uses.** LINC covenants and agrees for itself, its successors, its assigns,
and every successor in interest to the Site or any part thereof, that upon the date of this Grant Deed
and during construction through completion of development and thereafter, LINC must devote the
Site to the uses specified in the Grant Deed for the periods of time specified therein. All uses
conducted on the Site, including, without limitation, all activities undertaken by LINC pursuant to
the AMENDED DA, must conform to the AMENDED DA and all applicable provisions of the
Monterey Park Municipal Code. The foregoing covenants run with the land.

    3.    **Restrictions on Transfer.** LINC further agrees as follows:

        a.    For the period commencing upon the date of this Grant Deed and until the
issuance of the Certificate of Completion in accordance with the AMENDED DA, no voluntary or

1

involuntary successor in interest of LINC can acquire any rights or powers under the AMENDED DA or this Grant Deed, nor must LINC make any total or partial sale, transfer, conveyance, assignment, subdivision, refinancing or lease of the whole or any part of the Site or the Improvements thereon, without the prior written approval of the SHA or as otherwise permitted in the AMENDED DA.

     b.    LINC cannot place or suffer to be placed on the Site any lien or encumbrance other than mortgages, deeds of trust, or any other form of conveyance required for financing of the construction of the Improvements on the Site, and any other expenditures necessary and appropriate to develop the Site pursuant to the AMENDED DA, except as otherwise provided in the AMENDED DA.

     All of the terms, covenants and conditions of this Grant Deed are binding upon LINC and the permitted successors and assigns of LINC. Whenever the term "LINC" is used in this Grant Deed, such term includes any other successors and assigns as herein provided.

     **4.**    **Nondiscrimination.** LINC herein covenants by and for itself, its heirs, executors, administrators and assigns, and all persons claiming under or through them, that there is no discrimination against or segregation of, any person or group of persons on account of race, color, creed, religion, sex, marital status, national origin or ancestry in the sale, lease, sublease, transfer, use, occupancy, tenure or enjoyment of the land herein conveyed, nor must LINC itself or any person claiming under or through LINC, establish or permit any such practice or practices of discrimination or segregation with reference to the selection, location, number, use or occupancy of tenants, lessees, subtenants, sublessees or vendees in the land herein conveyed. The foregoing covenants run with the land.

     LINC must refrain from restricting the rental, sale or lease of the Site on the basis of race, color, religion, sex, marital status, ancestry or national origin of any person. All such deeds, leases or contracts must contain or be subject to substantially the following nondiscrimination or nonsegregation clauses:

     **(a)**    **In deeds:** "The grantee herein covenants by and for himself or herself, his or her heirs, executors, administrators and assigns, and all persons claiming under or through them, that there is no discrimination against or segregation of, any person or group of persons on account of race, color, creed, religion, sex, marital status, national origin or ancestry in the sale, lease, sublease, transfer, use, occupancy, tenure or enjoyment of the land herein conveyed, nor can the grantee or any person claiming under or through him or her, establish or permit any such practice or practices of discrimination or segregation with reference to the selection, location, number, use or occupancy of tenants, lessees, subtenants, sublessees or vendees in the land herein conveyed. The foregoing covenants run with the land."

     **(b)**    **In leases:** "The lessee herein covenants by and for himself or herself, his or her heirs, executors, administrators, and assigns, and all persons claiming under or through him or her, and this lease is made and accepted upon and subject to the following conditions:

     "That there is no discrimination against or segregation of any person or group of persons, on account of race, color, creed, religion, sex, marital status, national origin, or ancestry in the leasing, subleasing, transferring, use, occupancy, tenure, or

2

encumbering the Site which is permitted by this Agreement, is applied:

    **i.**    First, to reimburse the SHA, on its own behalf or on behalf of the SHA, all costs and expenses incurred by the SHA, excluding SHA and SHA staff costs, but specifically, including, without limitation, any expenditures by the SHA or the SHA in connection with the recapture, management and resale of the Site or part thereof (but less any income derived by the SHA from the Site or part thereof in connection with such management); all taxes, assessments and water or sewer charges with respect to the Site or part thereof which LINC has not paid (or, in the event that Site is exempt from taxation or assessment of such charges during the period of ownership thereof by the SHA, an amount, if paid, equal to such taxes, assessments, or charges as would have been payable if the Site were not so exempt); any payments made or necessary to be made to discharge any encumbrances or liens existing on the Site or part thereof at the time or revesting of title thereto in the SHA, or to discharge or prevent from attaching or being made any subsequent encumbrances or liens due to obligations, defaults or acts of LINC, its successors or transferees; any expenditures made or obligations incurred with respect to the making or completion of the improvements or any part thereof on the Site, or part thereof; and any amounts otherwise owing the SHA, and in the event additional proceeds are thereafter available, then

    **ii.**    Second, to reimburse LINC, its successor or transferee, up to the amount equal to the sum of (a) the costs incurred for the acquisition and development of the Site and for the improvements existing on the Site at the time of the reentry and possession, less (b) any gains or income withdrawn or made by LINC from the Site or the improvements thereon.

    Any balance remaining after such reimbursements is retained by the SHA as its property. The rights established in this Section are not intended to be exclusive of any other right, power or remedy, but each and every such right, power, and remedy is cumulative and concurrent and is in addition to any other right, power and remedy authorized herein or now or hereafter existing at law or in equity. These rights are to be interpreted in light of the fact that the SHA will have conveyed the Site to LINC for developing affordable housing and not for speculation in undeveloped land.

    (d). SHA shall deliver a copy of all notices required to be provided to Developer (or its successor in interest) under this Section 5 to the Developer's senior lender which can make a loan to Grantee in amount not to exceed $7,000,000 for a term not to exceed 18 months (with 2 potential six month extensions) ("Senior Lender"). Senior Lender shall include any lender having rights senior to the City or SHA under an outstanding subordination agreement between the City and/or SHA under an outstanding subordination agreement between the City and/or SHA and such Senior Lender. Notwithstanding the above, SHA shall not exercise any right to reenter or take possession of the Site or terminate and revest the estate without providing at least ninety (90) days prior written notice to Senior Lender and Senior Lender having failed to cure the defaults described therein. A cure provided by Senior Lender shall be accepted by SHA as if made or tendered by Grantee.

    **6.**    **Violations Do Not Impair Liens.** No violation or breach of the covenants, conditions, restrictions, provisions or limitations contained in this Grant Deed will defeat or render invalid or in any way impair the lien or charge of any mortgage or deed of trust or security interest permitted by the AMENDED DA; provided, however, that any subsequent

4

provisions, whether such owner's title was acquired by foreclosure, deed in lieu of foreclosure, trustee's sale or otherwise.

7. **Covenants Run With Land.** All covenants contained in this Grant Deed are covenants running with the land. Every covenant contained in this Grant Deed against discrimination must remain in effect in perpetuity.

8. **Covenants For Benefit of SHA.** All covenants without regard to technical classification or designation is binding for the benefit of the SHA, and such covenants run in favor of the SHA for the entire period during which such covenants is in force and effect, without regard to whether the SHA is or remains an owner of any land or interest therein to which such covenants relate. The SHA, in the event of any breach of any such covenants, has the right to exercise all the rights and remedies and to maintain any actions at law or suits in equity or other proper proceedings to enforce the curing of such breach.

9. **Revisions to Grant Deed.** Both SHA, its successors and assigns, and LINC and the successors and assigns of LINC in and to all or any part of the fee title to the Site must have the right with the mutual consent of the SHA to consent and agree to changes in, or to eliminate in whole or in part, any of the covenants, or restrictions contained in this Grant Deed without the consent of any tenant, lessee, easement holder, licensee, mortgagee, trustee, beneficiary under a deed of trust or any other person or entity having any interest less than a fee in the Site. However, LINC and SHA are obligated to give written notice to and obtain the consent of any first mortgagee before consent or agreement between the parties concerning such changes to this Grant Deed. The covenants contained in this Grant Deed, without regard to technical classification, cannot benefit or be enforceable by any owner of any other real property within or outside the Project Area, or any person or entity having any interest in any other such realty. No amendment to the Redevelopment Plan must require the consent of LINC.

[SIGNATURES BEGIN ON FOLLOWING PAGE]

5

This Grant Deed is executed as of the date first written above.

SHA:

Monterey Park Successor Housing Authority,
A political subdivision of the State of California

By: _____
Paul Talbot, Executive Director

ATTEST:

By: _____
Vicki Banando, SHA Secretary

APPROVED AS TO FORM:
Mark D. Hensley, Agency Counsel

By: _____

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

6



ACCEPTED BY LINC:

LINC-Monterey Park Apartments Housing Investors, LP,
a California limited partnership

By:    LINC-Monterey Park Apartments, LLC,
       a California limited liability company,
       its Managing General Partner

By:    LINC Community Development Corporation,
       a California nonprofit public benefit corporation,
       its Authorized Member

By:    _____
       Suny Lay Chang
       Senior Vice President and
       Director of Housing Development

7

**EXHIBIT "A"**

**LEGAL DESCRIPTION OF SITE**

321, 325, 341 and 371 E. Pomona Boulevard, 534 Chandler Avenue

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

PARCEL A
Parcel 1:

Lot 3 of Tract No. 15112, in the City of Monterey Park, County of Los Angeles, State of California, as per map recorded in Book 323, Pages 19 and 20 of Maps, in the Office of the County Recorder of said County.

Parcel 2:

Lot 4 of Tract No. 15112, in the City of Monterey Park, County of Los Angeles, State of California, as per map recorded in Book 323, Pages 19 and 20 of Maps, in the Office of the County Recorder of said County.

Parcel 3:

Lot 10 of Tract No. 15112, in the City of Monterey Park, County of Los Angeles, State of California, as per map recorded in Book 323, Pages 19 and 20 of Maps, in the Office of the County Recorder of said County.

Except therefrom the West 45.38 feet thereof.

Parcel 4:

Lot 7 of Tract No. 15112, in the City of Monterey Park, County of Los Angeles, State of California, as per map recorded in Book 323, Pages 19 and 20 of Maps, in the Office of the County Recorder of said County.

PARCEL B
Parcel 1:

The North 52.50 feet of Lot 262, of Ramona Acres Plat No. 2, in the City of Monterey Park, County of Los Angeles, State of California, as per map recorded in Book 16, Pages 134 and 135 of Maps, in the Office of the County Recorder of said County.

Parcel 2:

8

10

The Southerly 26 feet of Lot 263, of Ramona Acres Plat No. 2, in the City of
Monterey Park, County of Los Angeles, State of California, as per map
recorded in Book 16, Pages 134 and 135 of Maps, in the Office of the
County Recorder of said County.

Assessor's Parcel Number:  5265-015-900,901,902,903; 5256-008-900

)

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA            )
COUNTY OF LOS ANGELES          )

On February 23, 2015, before me, Vickie Banando, Notary Public, personally appeared Paul L. Talbot who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Vickie Banando_
            Vickie Banando
            Notary Public

VICKIE BANANDO
Commission # 2059186
Notary Public - California
Los Angeles County
My Comm. Expires Mar 26, 2018

seal

**Description of Attached Document**

Title or Type of Document: _Grant Deed_

Document Date: _Feb 25, 2015_
Signer(s) Other Than Named Above: _Sung Luy Chang_

# EXHIBIT D

# RECORDED LIS PENDENS

This page is part of your document - DO NOT DISCARD 



# 20250227423

Pages:
0010

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**04/08/25 AT 04:12PM**

| | |
|---|---|
| FEES: | 44.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 44.00 |





**L E A D S H E E T**



202504083290033

00025379355



015234672

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



_RECORDING REQUESTED BY_

NAME: Maritza Escoto

**WHEN RECORDED MAIL TO:**

NAME: Maritza Escoto

ADDRESS: c/o 3 Skyview Circle

CITY/STATE/ZIP: Pomona California 91766

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)



04/08/2025

*20250227423*

(SPACE ABOVE FOR RECORDER'S USE)

NOTICE OF PENDENCY OF ACTION

**(DOCUMENT TITLE)**

SEPARATE PAGE, PURSUANT TO CA. GOV'T. CODE 27361.6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 08 2025

David W. Slayton, Executive Officer/Clerk of Court

1 | Maritza Escoto
C/O 3 Skyview Circle
2 | Pomona, CA

3

4 | SUPERIOR COURT OF THE STATE CALIFORNIA

5 | COUNTY OF LOS ANGELES

6

7

8 | Maritza Escoto

9 | Plaintiff,                     Case 24PSCV03528

10 | V.

11 | Pamela Gayles,                 **NOTICE OF PENDENCY OF ACTION**

12

13

14 | Respondent / Defendant(s).

15 | Date : April 8, 2025
Time : 8:30 a.m. *8:30 Am*
16 | Dept. : *16*

17

18

19

20 | Property: 3 Skyview Circle Pomona , Los Angeles County, California 91766

21 | legally described as Lot 46 of Tract No. 33914, in the City of Pomona, County of Los Angeles,

22 | State of California, as shown on a map recorded in Book 894, Pages 84-89 of Maps, in the Office

23 | of the County Recorder of said County, Assessor's Parcel Number 8704-013-017.

24

25

1  Case 24PSCV03528 pending against Pamela Gayles  contests a forged grant deed, under DA

2  probe affecting title.

3

4  Dated: April 5, 2025                                         Maritza Escoto, Pro Per

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FILED**
Superior Court of California
County of Los Angeles
04/08/2025
David W. Slayton, Executive Officer / Clerk of Court
By: _____ R. Aragon _____ Deputy

1 | Maritza Escoto
C/O 3 Skyview Circle
2 | Pomona, California

3

4 | SUPERIOR COURT OF THE STATE CALIFORNIA

5 | COUNTY OF LOS ANGELES

6

7

8 | Maritza Escoto                                    Case No.: 24PSCV03528

9 |            Plaintiff / Petitioner,        [PROPOSED ORDER]
ORDER GRANTING PERMISSION
10 |       V.                                          TO RECORD NOTICE OF
PENDENCY OF ACTION
11 | Pamela Gayles,                                (LIS PENDENS)

12

13 |            Respondent's / Defendant's.        Date: April 8, 2025
Time: 8:30
14 |                                                        Court Room: 6

15

16

17

18

19

20

21 | The Court, having reviewed Plaintiff's *Ex Parte Application for an Order Granting* Permission to

22 | Record a Notice of Pendency of Action (Lis Pendens) and finding good cause, hereby orders as

23 | follows:

24

25

1    IT IS ORDERED that Plaintiff Maritza Escoto is granted permission to record a Notice of

2    Pendency of Action (Lis Pendens) regarding the real property located at 3 Skyview Circle,

3    Pomona, California 91766, legally described as Lot 46 of Tract No. 33914, in the City of

4    Pomona, County of Los Angeles, State of California, as shown on a map recorded in Book 894,

5    Pages 84-89 of Maps, in the Office of the County Recorder of said County, Assessor's Parcel

6    Number 8704-013-017.Prior to recording, Plaintiff must mail, via registered or certified mail, return

7    receipt requested, a copy of the Notice of Pendency of Action (Lis Pendens) to all owners of record

and all adverse parties. (CCP Sections 405.22, 405.23.)

8    IT IS SO ORDERED.

9

10    Dated:    04/08/2025        _Lynette Gridiron Winston_

11                                            JUDGE OF THE SUPERIOR COURT
                                             Lynette Gridiron Winston / Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

I certify that this is a true and correct copy of the original
on file in or issued from this office, consisting of _2_ pages.

DAVID W. SLAYTON, Executive Officer/Clerk of the
Superior Court of California, County of Los Angeles.

Date: 4/8/25   By: _____   Deputy

M. Ortiz

-2-

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 08 2025

David W. Slayton, Executive Officer/Clerk of Court

1  Maritza Escoto
   C/O 3 Skyview Circle
2  Pomona, CA

3

4                SUPERIOR COURT OF THE STATE CALIFORNIA

5                        COUNTY OF LOS ANGELES

6

7  Maritza Escoto                                    Case 24PSCV03528

8                           Plaintiff,

9                                                    PROOF SERVICE
        V.
10

11 Pamela Gayles,

12                          Defendant (s).

13

14

15

16

17

18

19

20

21  I, Clifton Kerr, declare: On April 8, 2025, I mailed the Notice of Lis Pendens in case

22  24PSCV03528 to Wilmington Trust, National Association,  to 1100 N Market St, Wilmington,

23  DE 19801, by certified mail from West Covina, CA. I am over 18 and not a party to this action.

24  My address is.  c/o 3 Skyview Circle Pomona California

25  Executed: April 8, 2025, West Covina, CA

                                    - 1 -

1  In the following manner of service (check appropriate):

2

3  ___XX___  **BY CERTIFIED  U.S Mail** I placed a true copy *in a sealed* envelope or package

4  designated by U.S Post Office delivery at an office or a regularly utilized drop box of the

5  delivery with delivery fees paid for addressed to the person on whom it is to be served, at the

6  office address as last given by that person on any *document file in the cause* and on party making

7  service; otherwise at party's place of residence as indicated above

8          I declare under penalty of perjury under the law of the State of California, that the

9  foregoing is true and correct. Executed on  *April 8, 2025.*

10

11

12  Dated: April 8, 2025                     By:  */s/  Clifton Kerr*

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 08 2025

David W. Slayton, Executive Officer/Clerk of Court

1  Maritza Escoto
   C/O 3 Skyview Circle
2  Pomona, CA

3

4          SUPERIOR COURT OF THE STATE CALIFORNIA

5               COUNTY OF LOS ANGELES

6

7

8  Maritza Escoto                              Case 24PSCV03528

                        Plaintiff,
9
                                               **PROOF OF SERVICE**
10         V.

11 Pamela Gayles,

12

13                 Respondent / Defendants (s).

14

15

16

17

18              **PROOF OF SERVICE**

19

20

21     I, Clifton Kerr, declare:

22     I am a State citizen of the United States of America. I am over the age of 18 years, and

23 not a party to the entitled action. My domicile or business address is:

24 c/o  3 Skyview Circle Pomona California

25

- 1 -

1    I severed the following document (s) on the person listed below:

2    **NOTICE OF PENDENCY OF ACTION**

3

4    **On Defendant** :

5    Pamela Gayles
     7673 Cartilla Ave.
6    Rancho Cucamonga California 91730

7

8    In the following manner of service (check appropriate):

9

10    __ XX __ **BY CERTIFIED U.S Mail** I placed a true copy in a sealed envelope or package

11   designated by U.S Post Office delivery at an office or a regularly utilized drop box of the

12   delivery with delivery *fees paid for addressed to the person* on whom it is to be served, at the

13   office address as last given by that person on any document file in the cause and on party making

14   service; otherwise at party's place of residence as indicated above

15      *I declare under penalty of perjury under the law of the State of California, that the*

16   foregoing is true and correct. Executed on  April 8, 2025

17

18

19

20   Dated: April 8, 2025             By: _/s/ Clifton  Kerr_

21

22

23

24

25

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**05/29/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Gonzalez _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25PSCV01961 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Christian R. Gullon | O | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record          David W. Slayton, Executive Officer / Clerk of

on 05/29/2025
   (Date)                                                        By J. Gonzalez _____, Deputy

LACIV 190 (Rev 6/18)
LASC Approved 05/06          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be *filed by any party after their answer is filed.* Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Clifton Kerr
c/o 3 Skyview Circle
Pomona California

June 24, 2025

Civil Process Clerk
Office of the United States Attorney
Central District of California
300 N. Los Angeles Street, Suite 7516
Los Angeles, CA 90012

SERVICE OF PROCESS – PERSONAL DELIVERY

Re: Superior Court of California, County of Los Angeles
Case No: 25PSCV01961
Claimant : Clifton Kerr v. The State of California, et al

Respondent  Being Served: Kathy A. Dockery
Date of Service: June 24, 2025
Delivered by hand by a non-party adult over 18.

Dear Civil Process Clerk:

Dear Clerk:

Enclosed are copies of the Summons and Complaint in the above-referenced federal action.
These documents are being served on the United States Attorney pursuant to Federal Rule of
Civil Procedure 4, as required for service upon a federal officer Kathy A. Dockery (Chapter 13
Trustee) sued in both their official and individual capacities.

This service upon your office is required for actions brought against federal officers or
employees in connection with the performance of their official duties.

Thank you for your attention to this matter.

/s/Clifton Kerr

Enclosed:
Summons (Form SUM-100)
Filed Complaint
Civil Case Cover Sheet
Notice of Case Assignment / Case Management Conference
Alternative Dispute Resolution (ADR) Packet
Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109)

25PSCV01961

Civil Process Clerk
U.S. Attorney's Office
Central District of California
300 N. Los Angeles Street, Suite 7516
Los Angeles, CA 90012

Legal Documents Enclosed: Summons and Complaint

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>KALEEN MURPHY<br>SBN 311514<br>CHAPTER 13 TRUSTEE KATHY A. DOCKERY<br>801 S. FIGUEROA STREET, SUITE 1850<br>LOS ANGELES, CALIFORNIA 90017<br><br><br>ATTORNEY FOR DEFENDANT, KATHY A. DOCKERY, CHAPTER 13 TRUSTEE<br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**  ▾

| In re:<br><br>CLIFTON KERR<br><br><br><br>Debtor(s). | CASE NO.: 2:25-bk-14821-NB<br><br>CHAPTER: 13  ▾<br><br>ADVERSARY NO.: |
|---|---|

| CLIFTON KERR<br><br><br><br>Plaintiff(s)<br><br>Versus<br><br>THE STATE OF CALIFORNIA, MCCARTHY & HOLTHUS LLP, JUDGE NEIL W. BASON, MELISSA R. COUTTS, KATHY A. DOCKERY<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |
|---|---|

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

> **Hearing Date:** _____    **Address:**
> **Time:** _____    ☒ 255 East Temple Street, Los Angeles, CA 90012
> **Courtroom:** _____    ☐ 3420 Twelfth Street, Riverside, CA 92501
> ☐ 411 West Fourth Street, Santa Ana, CA 92701
> ☐ 1415 State Street, Santa Barbara, CA 93101
> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**


                                          **KATHLEEN J. CAMPBELL**
                                          **CLERK OF COURT**



Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____



                    By: _____
                                    Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
801 S. Figueroa Street, Suite 1850
Los Angeles, CA 90017

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL BANKRUPTCY COURT PURSUANT TO F.R.B.P.

9027 [LOS ANGELES COUNTY SUPERIOR COURT CASE NO. 25PSCV01961

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/15/2025 _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

OFFICE OF THE UNITED STATES TRUSTEE
ustregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 08/15/2025 _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

CLIFTON KERR
3 SKYVIEW CIRCLE
POMONA, CA 91766

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/15/2025 | KATHERINE BAMACA | *Katherine Bamaca* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.